UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**STERNS & WEINROTH**
A Professional Corporation
Douglas J. McDonough (DM-0973)
50 West State Street
Suite 1400
P.O. Box 1298
Trenton, New Jersey   08607-1298
(609) 392-2100
Attorney for Trustee, Thomas J. Orr

| | |
|---|---|
| In re:<br><br>John H. Ewing,<br><br>　　　　Debtor.<br><br>Thomas J. Orr, Trustee,<br><br>Plaintiff,<br><br>　　　v.<br><br>John H. Ewing and Pamela Neal,<br><br>Defendants. | Case No.: 08-22153 (MBK)<br><br>Chapter 7<br><br>Adv. Pro. No.: 09-　　　(MBK)<br><br>COMPLAINT TO ESTABLISH EXTENT AND VALIDITY OF CLAIMS AS TO DEATH BENEFIT AND FOR DECLARATORY RELIEF |

　　　　THOMAS J. ORR (the "Plaintiff" or the "Trustee"), Chapter 7 Trustee for the bankruptcy case of John H. Ewing (the "Debtor"), by and through his counsel, Sterns & Weinroth, a Professional Corporation, and by way of complaint against the defendants, John H. Ewing and Pamela Neal (the "Defendants"), alleges as follows:

## I. Parties

1. John H. Ewing (the "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) (the "Code") on June 30, 2008.

2. On July 1, 2008, the Trustee was appointed trustee for the Debtor's Chapter 7 proceeding and qualified for and accepted the appointment.

3. John H. Ewing (the "Debtor Defendant") is an individual with a residence in the State of New Jersey at 1215 Fellowship Road in Basking Ridge.

4. Pamela Neal ("Defendant Neal") is an individual claiming a residence in the State of New Jersey at 1215 Fellowship Road in Basking Ridge.

## II. Jurisdiction

5. This is a core proceeding brought pursuant to Federal Rule of Bankruptcy Proceeding 7001(2), 11 U.S.C. § 544 and 28 U.S.C. § 157 (b)(2)(K) and/or (O).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

7. The venue of this proceeding is in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## III. Factual Background

8. The Plaintiff repeats and realleges paragraphs 1 through 7 as if set out at length herein.

9. Prior to filing his petition, the Debtor Defendant filed suit against the James F. Hurley Insurance Agency, James F. Hurley and James P. Hurley (the "Hurley Lawsuit") in the

Somerset County Superior Court under docket number SOM-L-1054-04. Debtor Defendant was seeking to enforce certain alleged contractual rights.

10. The Debtor Defendant subsequently settled the Hurley Lawsuit.

11. The settlement, executed prior to the filing of the instant bankruptcy petition, provided for a one-time payment of $300,000.00, as well as a payment of $100,000.00 to the Debtor Defendant's children upon the Debtor Defendant's death (the "Death Benefit").

12. After the bankruptcy filing, without relief from the automatic stay and without the knowledge and/or consent of the Trustee, the Debtor Defendant sought to amend the settlement of the Hurley Lawsuit to provide him with the unfettered right to designate the beneficiary of the Death Benefit.

13. The Honorable Fred H. Kumpf, J.S.C. entered an order allowing the Debtor Defendant to designate the beneficiary of the Death benefit on or about January 28, 2009.

14. The Trustee filed a Motion to Annul the Stay to validate Judge Kumpf's January 28, 2009 Order which was granted by order entered by the Bankruptcy Court on August 21, 2009.

15. The right to designate the beneficiary of the Death Benefit is a contractual right of the Debtor Defendant that became an asset of his bankruptcy Estate pursuant to 11 U.S.C. § 541.

16. The right to designate the beneficiary of the Death benefit is valuable to the Debtor Defendant.

17. Debtor Defendant's right to designate the beneficiary under the settlement of the Hurley Lawsuit is not a power being exercised solely for the benefit of someone else.

18. Post-petition the Debtor Defendant sought to redeem the Death benefit for his personal financial benefit.

19. In response to the Trustee's Motion to Annul the Stay and validate the January 28, 2009 Order, the Debtor Defendant suggested that he designated Defendant Neal as the beneficiary of the Death Benefit and had forfeited his right to change same.

20. Upon information and belief, after investigation Defendant Neal paid no consideration to Debtor Defendant for his designation of her as the beneficiary.

## COUNT ONE
### (Declaring Right of Designation to be Property of the Estate)

21. The Plaintiff repeats and realleges paragraphs 1 through 20 as if set out at length herein.

22. The Debtor Defendant's bankruptcy Estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case pursuant to 11 U.S.C. Section 541(a)(1).

23. The right to designate a beneficiary under a contract is not excluded from the Debtor Defendant's bankruptcy Estate pursuant to the relevant provisions of 11 U.S.C. Sections 541or other non-bankruptcy law.

**WHEREFORE**, the Trustee respectfully requests that judgment be entered in his favor: (1) declaring that the Death Benefit is property of the Bankruptcy Estate; (2) that the Defendants have no legal or equitable interest in the Death Benefit; (2) that the Estate is entitled to sell or otherwise dispose of the Death Benefit as the Trustee sees fit and in accordance with the Bankruptcy Code; and (3) granting such other and further relief as the Court deems just and appropriate.

## COUNT TWO
### (Avoiding Fraudulent Transfer to Defendant Neal)

24. The Plaintiff repeats and realleges paragraphs 1 through 23 as if set out at length herein.

25. In 2007, Debtor Defendant allegedly designated Defendant Neal as the beneficiary of the Death Benefit.

26. Defendant Neal cannot prove she tendered any consideration in exchange for her designation as beneficiary of the Death Benefit.

27. The Transfer of the Death Benefit was for less than reasonably equivalent value.

28. The Trustee may avoid any transfer of an interest of the debtor in property that was made within two (2) years before the date of the filing of the petition pursuant to 11 U.S.C. Section 548(a)(1).

**WHEREFORE**, the Trustee respectfully requests that judgment be entered in his favor: (1) avoiding any transfer to Defendant Neal of the right to designate the beneficiary in the Death Benefit; and (2) granting such other and further relief as the Court deems just and appropriate.

STERNS & WEINROTH
A Professional Corporation
Attorney for Plaintiff, Thomas J. Orr, Chapter 7
Trustee for John H. Ewing


By:    /s/ Douglas J. McDonough
       Douglas J. McDonough

Dated this 28th day of September, 2009